**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4130**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JUAN MANUEL VARGAS-TORRES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:11-cr-00136-RJC-1)

Submitted:  August 22, 2013          Decided:  August 26, 2013

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Michael Vargas-Torres (a native and citizen of Mexico) pled guilty, without a written plea agreement, to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b) (2006). Vargas-Torres' total offense level was 21; combined with a criminal history category of III, his advisory Guidelines range was 46 to 57 months' imprisonment. After hearing defense counsel's arguments for a below-Guidelines sentence, the district court imposed a within-Guidelines sentence of 50 months' imprisonment. Vargas-Torres appeals, arguing that his sentence is unreasonable because the district court "erroneously perceived repeat offending as to immigration" and because it relied too heavily on prior drug convictions.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006), factors, analyzed any arguments presented by the parties, and

2

sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Mendoza–Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

Vargas-Torres concedes that the district court committed no procedural error, but argues that his sentence is substantively unreasonable. We disagree. The record reveals that the district court based Vargas-Torres' sentence on its consideration of several relevant § 3553(a) factors: his personal history and characteristics, the need to reflect the seriousness of the current offense, and the need to promote respect for the law, provide just punishment, and adequate deterrence. Moreover, the court considered Vargas-Torres' alleged fear of retaliation and his health issues, but found that neither justified a departure from the applicable Guidelines range. We find no error in the district court's consideration of either Vargas-Torres' prior drug convictions or his prior attempts to enter the United States, regardless of whether those attempts led to criminal charges. Accordingly, we find that Vargas-Torres cannot overcome the presumption of reasonableness afforded his within-Guidelines sentence.

Therefore, we affirm Vargas-Torres' sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED